IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAZIM EREBARA, | : | |
|     Petitioner | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| KENNETH ELWOOD, et al. | : | NO. 02-3650 |
|     Respondents. | : | |

**GOVERNMENT'S REPLY BRIEF IN FURTHER OPPOSITION TO
PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan Becker, Assistant United States Attorney for the District, on behalf of defendants, the District Director of the Immigration and Naturalization Service ("the Service") and the Attorney General of the United States, respectfully requests that the Court accept this short reply brief in response to petitioner Nazim Erebara's filings dated August 20, 2002.

First, Erebara has never been and is not now entitled to suspension of deportation. He tries to escape the clear application of the stop-time rule in 8 U.S.C. § 1229b(d)(1) by arguing that he should be able to accrue "clean time" after the date the Service issued the Order to Show Cause on July 14, 1993. There is simply no basis for such a claim. Contrary to petitioner's suggestion that the Service has no authority to support its position, we have found several cases which address this point. The Eighth Circuit Court of Appeals confronted this issue in Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000), and found that the clock for continuous physical presence in the United States does not start anew after the service of an Order to Show Cause so

as to allow the alien to accrue the time required to establish eligibility for suspension of deportation. See also In re Mendoza-Sandino, Int. Dec. 3426, 2000 WL 225840 (BIA Feb. 23, 2000). The Fifth Circuit Court of Appeals reached the same conclusion in McBride v. INS, 238 F.3d 371 (5th Cir. 2001). Looking at the legislative history behind the stop-time rule, the Court noted that:

> Congress is not likely to have meant to permit aliens to start over and accrue the entirety of their seven years presence here following termination of the initial period of accrual. Congress has expressed a desire to reduce the time that an alien can prolong his stay following issuance of a deportation order, a goal clearly furthered by the BIA's interpretation of the stop-time rule.

238 F.3d at 376-77.

Moreover, petitioner cannot escape the consequences of the stop-time rule by focusing on when the Service ultimately carried out his order of removal. It was petitioner who failed to follow his voluntary departure order in June, 1995. The fact that the Service did not catch up with him until 2002 has no bearing on this case. The Court has no jurisdiction to hear a claim based on a complaint about the timing of the Attorney General's decision to carry out a removal order. See 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."); Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 486-87 (1999) (exclusive jurisdiction provision of 8 U.S.C. § 1252(g) deprived courts of jurisdiction over action

in which resident aliens alleged that they had been targeted for deportation because of their affiliation with a politically unpopular group).

Second, the Service responds to petitioner's arguments relating to his detention. Petitioner is attempting to conflate the issues by raising the specter of <u>Patel v. Zemski</u>, 275 F.3d 299 (3d Cir. 2001), in which the Third Circuit found that aliens who were still in removal proceedings could not be subject to mandatory detention without an individualized review of their custody status. However, <u>Patel</u> is inapplicable here, as that case applies only to aliens who are still in administrative proceedings, not to aliens like Erebara who have a final order of removal. Petitioner's case is clearly governed by the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). The suggestion that <u>Zadvydas</u> does not apply because petitioner is not a criminal alien has no basis.

For all the foregoing reasons, and the reasons set forth in the Government's initial brief, the respectfully requests that the Court dismiss the Petition with prejudice.

Respectfully,

PATRICK L. MEEHAN
United States Attorney


JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

Dated: September 10, 2002

SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia PA 19106-4476
(215) 861-8310 Telephone
(215) 861-8349 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2002, I caused a true and correct copy of the foregoing Government's Reply Brief in Further Opposition to Petition for Writ of Habeas Corpus to be served by Federal Express, postage prepaid, upon the following:

>David Oltarsh, Esquire
>Oltarsh & Associates, P.C.
>1375 Broadway, Suite 2102
>New York, NY 10018

_____
Susan R. Becker